CALVIN L. HATHAWAY, Appellant, v. EDWIN W.
HOWELL, Respondent.

*Execution — issued before entry of judgment.*

Appeal from a judgment in favor of defendant, entered on the
report of a referee.

This was an action to recover the possession of certain hotel fur-
niture, of the value of $10,000.

The case was once before tried, and the defendant had judgment,
which was affirmed at the General Term, but reversed by the Com-
mission of Appeals.*

The defendant, as sheriff of Chemung county, justified taking
and holding the property under and by virtue of an execution
against one Slater, dated May 26, 1866, reciting a judgment of that
date as the basis for its issue. It was shown that papers were pre-
pared for obtaining a judgment, by confession, on Saturday evening,
May twenty-sixth, and left in the clerk's office to be entered up
after hours, but was not and could not be perfected until eight
o'clock, Monday the twenty-eighth. This execution was issued and
delivered to the sheriff on May twenty-sixth, with directions to
levy, and a levy was made on that day. On the former appeal, the
Commission held † that an execution did not vest any right or title
to the execution debtor's property in the sheriff until actual levy
made; and that a levy must be made during the life of the execu-
tion; that the execution was void; and that no title was acquired
by the sheriff by his levy on the twenty-sixth. That the judgment
against Slater did not become perfected until eight A. M., on the
twenty-eighth, and no levy was shown to have been made after that
date within the life of the execution.

On the second trial, the defendant undertook to show that a new
levy was made with this execution after eight o'clock on Monday,
the twenty-eighth.

The question passed on by the General Term was the sufficiency
of the evidence on the second trial to establish a levy on May
twenty-eighth. The court was of opinion that that fact was not

* 54 N. Y., 97.                           † 54 N. Y., 102.

shown by the evidence, and reversed the judgment, granting a new trial, costs to abide the event.

*Milo Goodrich,* for the appellant.

*S. B. Tomlinson,* for the respondent.

Opinion by JAMES, J.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment reversed, and new trial granted, costs to abide event.